[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action in which the defendant's attorney has filed a motion to disqualify the plaintiff's attorney. The relevant facts do not appear to be significantly disputed. The defendant is a corporation whose stock is evenly divided between Albert Farrah and another. Farrah was represented by the plaintiff's attorney in a prior action. The prior action was tried in this court, and apparently was settled in April 1996. Farrah stated these facts in an affidavit accompanying the motion, and concluded that an "obvious conflict of interest" existed and that he would be prejudiced if the plaintiff's attorney were to be allowed to remain in the case.
When the motion was argued in this court, the plaintiff's attorney indicated that he had appeared for all of the defendants in the prior case briefly, but not until after judgment. He was retained for the possibility of pursuing a defect in the notice to quit in that case. He indicated that the subject matters of the two cases are different and that he had not discussed Farrah's financial circumstances in connection with the prior case. These facts were not controverted in the hearing: the issue presented was whether these facts created an ethically impermissible appearance of impropriety. CT Page 5322
The issue is governed by Rule 1.9 of the Code of Professional Responsibility:
 A lawyer who has formerly represented a client in a matter shall not thereafter: (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
"An attorney should be disqualified if he has accepted employment adverse to the interests of a former client on a matter `substantially related' to the prior representation."Bergeron v. Mackler, 225 Conn. 391, 399 (1993). A court should grant "disqualification only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or when the issues are `identical' or `essentially the same."'State v. Jones, 180 Conn. 443, 449 (1980). The wrong to be avoided is, after all, the use of confidential information, so where the subject matter of the former and present cases is identical or close to identical, the receipt of confidential information which could be used to the former client's disadvantage is presumed. Bergeron v. Mackler, supra. The second prong of Rule 1.9 prohibits the actual use of confidential information to the detriment of the former client in all circumstances.
No evidence was presented to indicate that the subject matter of the two cases is at all related, much less identical or substantially the same, so the use of relevant confidential information will not be presumed under the first prong. There also has been no evidence presented to suggest that the plaintiff's attorney actually either obtained or intends to use any confidential information.
A claim, standing alone, of the appearance of impropriety has been deemed insufficient to sustain a motion for disqualification if the Rules of Professional Conduct have not been violated.Bergeron v. Mackler, supra. Any such appearance is to be balanced by the other side's interest in representation by an attorney of one's choice; see, e.g., Goldenberg v. Corporate Air, Inc.,
CT Page 5323189 Conn. 504, 507 (1983); and considerations of time and expense inherent in having to obtain another attorney may not be inconsequential. In any event, as this case presents no likelihood of the misuse of confidential information, the motion to disqualify is denied.
Beach, J.